UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-7225-CIV-ZLOCH/SELTZER

BROOKE DANIELS,

    Plaintiff,

vs.

CLEAR CHANNEL
BROADCASTING, INC.,
a foreign corporation,

    Defendant.
_____/



### PLAINTIFF'S MOTION TO STAY CONFIRMATION OF ARBITRATION AWARD

COMES NOW the Plaintiff, BROOKE DANIELS, by and through her undersigned counsel, and hereby files her Motion to Stay Confirmation of Arbitration Award, and as grounds therefor states as follows:

1. On or about February 15, 2002, an Arbitration Award was entered in connection with the above-captioned matter.

2. On or about March 26, 2002, Defendant filed its Motion to Confirm Arbitration Award, pursuant to Section 9 of the Federal Arbitration Act. 9 U.S.C. § 9.

3. Plaintiff fully intends to file a motion to vacate the Arbitration Award. Indeed, Defendant was aware of this fact prior to filing its Motion to Confirm.

4. Section 12 of the Federal Arbitration Act provides, in pertinent part, as follows:

    Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney **within three months after the award is filed or delivered**.

    For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order,

to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

5. Based on the language of Section 12, as quoted above, Defendant's Motion to Confirm is at best premature. Plaintiff has until on or about May 15, 2002 within which to file her motion to vacate. Until such time as either (a) Plaintiff has failed to timely file a motion to vacate or (b) this Court has denied Plaintiff's motion to vacate, this Court should not enter an order confirming the Arbitration Award.

6. While Plaintiff does not anticipate using the entire three months prior to filing a motion to vacate, and in fact is already in the process of drafting same, Plaintiff would suggest that granting Defendant's Motion will result in unnecessary judicial labor, inasmuch as the Court may subsequently decide to grant Plaintiff's motion to vacate.

7. Plaintiff's counsel has attempted to contact Defendant's counsel regarding his position in connection with the instant Motion; however, Defendant's counsel has not been available.

WHEREFORE, Plaintiff, BROOKE DANIELS, respectfully requests that this Honorable Court grant the instant Motion to Stay, enter an Order staying confirmation of the Arbitration Award until such time as the Court has had an opportunity to consider Plaintiff's Motion to Vacate, and take such other action as it deems just and proper.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
 JAFFE & LEVINE, LLP
Attorneys for Plaintiff

By: _____
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861
E-Mail: drlevine@mwdjl.com

LAW OFFICES RICHARD ROSENBAUM
Co-Counsel for Plaintiff

By: _____ For:
RICHARD ROSENBAUM, ESQ.
Fla. Bar No.: 394688
E-mail: rlrappeal@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 29 day of March, 2002 to: Paul O. Lopez, Esq., Trip Scott, P.A., 110 SE Sixth Street, 15th Floor, Fort Lauderdale, Florida 33301.

> MUCHNICK, WASSERMAN, DOLIN
>  JAFFE & LEVINE, LLP
> Attorneys for Plaintiff
> Comerica Building
> 1800 Corporate Boulevard, NW
> Suite 102
> Boca Raton, Florida 33431
> Telephone: (561) 981-8882
> Facsimile:  (561) 995-9359
>
> By: _____
>  DANIEL R. LEVINE, ESQ.
> Fla. Bar No. 0057861
> E-Mail: drlevine@mwdjl.com